IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>BRADLEY SIMS and JONATHAN )<br>BARROW, )<br>)<br>        Defendants. )<br>_____) | Case No. CR-08-017-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

The Court has before it Defendant Sims' Motion to Sever Count II of Indictment (Docket No. 18), Defendant's Request for Discovery (Docket No. 20), Defendant's Amended Request for Discovery (Docket No. 22), Defendant's Amended Motion to Extend Time to File Pretrial Motions (Docket No. 23), and Defendant's Motion to Compel, Dismiss or Continue (Docket No. 30).

## ANALYSIS

### I.   Motion to Sever

Defendant Sims is charged in Counts One and Two of the Indictment. Sims asks the Court to sever those Counts into separate trials. Count One charges Sims with starting a large fire on BLM land near mile post 282 of U.S. Highway 20 in the District of Idaho. Count two charges Sims with starting a large fire on BLM

**Memorandum Decision and Order - 1**

land near King Mountain in the District of Idaho.

Federal Rule of Criminal Procedure 14(a) states that the Court may order separate trials of counts "[i]f the joinder of offenses . . . in an indictment . . . or a consolidation for trial appears to prejudice a defendant. . . ."  A party seeking severance must show that "joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976).

Here, the Court does not find prejudice in trying Counts One and Two together.  Both alleged offenses involve burning of public lands in approximately the same geographic area.  Additionally, the Government states that trial testimony will establish that the defendant discussed and bragged about both fires with others as part of the same conversation.  Moreover, evidence of other crimes is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. United States v. Montgomery, 150 F.3d 983, 1000 (9th Cir. 1998) (citing Fed.R.Evid. 404(b)).  Thus, it is quite likely that evidence of either count in the Indictment would be admissible against Simms in proving the other count.  Accordingly, the Court will deny the motion to sever.

## II.    Motions to Compel

**Memorandum Decision and Order - 2**

Defendant Sims filed motions to compel asking the Court to order the Government to produce certain information. Subsequent to the filing of the motions, the Government indicated that it has provided Sims with copies of all relevant material within its possession, custody or control. Moreover, the Government indicates that it informed defense counsel that the Government's file in this case is open for inspection pursuant to Fed. R. Crim. P. 16(a)(1)(E).

The only issue left in dispute at this point is whether the Government must provide Sims with information pertaining to other fires (not the fires at issue in this case) in Eastern Idaho. Defendant suggests that he needs the information in order to address the credibility of government witnesses and others being investigated with respect to those other fires because the fires occurred in the same region as the fires at issue in this case. The Government disagrees, arguing that disclosure of such information will compromise ongoing investigations into potential crimes unrelated to this case.

Rule 16 requires that the government disclose to the defendant any documents or objects that are material to preparing the defense, or that the government intends to use in its case-in-chief at trial. *U.S. v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2003)*; see also Fed.R.Crim.P. 16(a)(1)(E). At this point, without more information suggesting a connection between the fires, the

**Memorandum Decision and Order - 3**

Court is not persuaded that the information sought by Defendant is related or relevant to this case in any way, or that it falls within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.  Accordingly, the Court will deny Defendant's motions.  However, the Court will be open to addressing the issue in more detail during the pre-trial conference if defense counsel comes forward with additional information which would make such evidence material to the defense's preparations for trial or relevant to the charges against the Defendant.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Sims' Motion to Sever Count II of Indictment (Docket No. 18) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Request for Discovery (Docket No. 20) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Amended Request for Discovery (Docket No. 22) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Amended Motion to Extend Time to File Pretrial Motions (Docket No. 23) shall be, and the same is DEEMED MOOT.  Just days prior to the filing of this motion, the Court granted Defendant's earlier motion to extend the deadline, and the Court has considered all subsequent

motions filed by Defendant.

IT IS FURTHER ORDERED that Defendant's Motion to Compel, Dismiss or Continue (Docket No. 30) shall be, and the same is hereby, DENIED.

DATED: **October 21, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**